BECK *et. al.* RECEIVERS. *vs.* HENDERSON, AND *vice versa.*

COMPLAINT, FROM JASPER. Equity. Decrees. Evidence. Corporations. Non-suit. Stockholders. (Before Judge Lawson.)

[These cases were argued at the last term, and the decision reserved. Hall, J., being disqualified, did not preside.]

Blandford, J.—1. Where, under a bill filed by creditors of a railroad corporation, a decree and supplemental decree were rendered, appointing receivers, with power to sell the railroad and all its franchise, and authorizing them to bring suit on all claims due the corporation for unpaid stock or otherwise; and where such decrees were so distinct and certain as to be understood without reference to the pleadings and other proceedings in the case, it was not necessary that they should be attached to the decree exhibited to the declaration and tendered in evidence. Tarver *vs.* Colquitt, last term.

2. Counsel in an equity case brought by certain creditors against a railroad company not agreeing upon some person to preside, the judge of the circuit being disqualified, it was competent for the clerk to name a fit and proper person for that purpose, although the parties had not tried or made any effort to agree; and when tendered in evidence, the decree was not objectionable for that reason.

3. The grant of a non-suit in this case was erroneous.

4. All the property of a corporation which has ceased to exist and its assets of every description constitute a fund for the payment of its debts. Subscriptions of stockholders may be called in to satisfy creditors, and where such corporation has held itself out to the world and contracted debts on the faith of its proper organization, and a stockholder has stood by and interposed no objection, he is bound, and on a suit by a receiver for the benefit of creditors he will not be heard to set up any defense as to fraud practiced on him in the organization or acts of the corporation. Such pleas were properly stricken on demurrer. S Ga , 846, 504; 3 Id., 409; 56 Id., 191, 195; 8 Id., 498; 57 Id., 304; 65 Id., 650; 67 Id., 145.

Judgment reversed in main case and affirmed on cross bill of exceptions.

A. M. Speer; E. W. Beck; Key & Preston, for plaintiffs.

C. L. Bartlett; F. Jordan; W. W. Anderson, for defendant.